STATE OF WEST VIRGINIA

*In re* **T.S. and B.S.**

**No. 18-0319** (Webster County 17-JA-95 and 96)

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother F.W., by counsel Howard J. Blyler, appeals the Circuit Court of Webster County's March 15, 2018, order terminating her parental rights to T.S. and B.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights when she was taking steps to correct the conditions of abuse.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2015, petitioner and the father were the subject of an abuse and neglect case that preceded the filing of the instant petition. The prior petition alleged that they were abusing and selling controlled substances in the presence of the children. Petitioner was granted an improvement period, which she successfully completed, and she completed a long-term rehabilitation program. Ultimately, this prior petition against petitioner was dismissed in March of 2016.

In November of 2017, the DHHR filed the instant child abuse and neglect petition against petitioner and the father, alleging that they engaged in domestic violence and substance abuse in the presence of the children. According to the petition, T.S. reported that his parents fought "all the time" and that he did not like it. The child noted that sometimes he had to take his sibling into the bedroom to play so that they did not have to listen to the fighting. Child Protective Services ("CPS") and law enforcement officers went to the parents' residence and observed

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

holes in the walls and bedroom door. Further, the officers found a mortar and pestle, which petitioner admitted was for grinding marijuana, and a small bag of what petitioner reported to be "speed." Thereafter, petitioner submitted to drug screens and tested positive for tetrahydrocannabinol ("THC"), amphetamines, opiates, methamphetamine, barbiturates, and Suboxone. Petitioner waived her preliminary hearing.

The circuit court held an adjudicatory hearing in December of 2017, wherein petitioner stipulated to the allegations contained in the petition. The circuit court accepted petitioner's stipulation and adjudicated her as an abusing parent. Thereafter, petitioner voluntarily enrolled into a long-term rehabilitation program and requested a post-adjudicatory improvement period.

In February of 2018, the circuit court held a dispositional hearing. The DHHR presented the testimony of a CPS worker who testified that petitioner was participating in the rehabilitation program and had tested negative for controlled substances while there. The worker stated that the DHHR recommended that petitioner be granted an improvement period, should her probation not be revoked during a probation revocation hearing scheduled to be held the following week.[2] Petitioner then testified that she had enrolled in a rehabilitation program that was more intense than the program that she participated in during her prior case and stated that she enrolled in the more intense program because she knew she needed help. She also testified that she would comply with any services offered if she were granted an improvement period. After hearing evidence, the circuit court found that there was no reasonable likelihood that petitioner would successfully complete an improvement period or correct the conditions of abuse in the near future and that the children deserved permanency in a safe and secure environment. As such, the circuit court denied petitioner's request for an improvement period and terminated her parental rights. It is from the March 15, 2018, dispositional order that petitioner appeals.[3]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

[2]The record indicates that petitioner was placed on probation following a conviction for possession with intent to distribute. However, the record is not clear as to when this conviction occurred, whether it was related to the abuse and neglect proceedings, or how petitioner allegedly violated the terms of her probation.

[3]The father's parental rights were also terminated below. The children were placed in the home of relatives and the permanency plan for the children is adoption therein.

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights when she was working to correct the conditions of abuse, namely her substance abuse problem. According to petitioner, she successfully completed an improvement period in her prior abuse and neglect case and had that petition against her dismissed. In the instant case, petitioner voluntarily enrolled herself into a drug rehabilitation program and was working to correct the conditions of abuse such that the DHHR recommended that she be granted an improvement period. Therefore, petitioner argues that it was error to terminate her parental rights without granting her an improvement period when she demonstrated that she previously successfully completed one and when she was taking steps to correct the conditions of abuse and neglect. We disagree.

We have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements."). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period . . . .'" *In re Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

While petitioner argues that she should have been granted an improvement period because she previously successfully completed one, we find her argument to be without merit. The record demonstrates that petitioner was the subject of a prior abuse and neglect proceeding due to her substance abuse. Petitioner received services throughout her improvement period in that case, including substance abuse treatment, and ultimately had the petition against her dismissed. However, petitioner reverted back to her abusive behavior such that a second petition was filed against her the next year. Although petitioner enrolled herself in an intensive rehabilitation program, we note that "it is possible for an individual to show 'compliance with specific aspects of the case plan' while failing 'to improve . . . [the] overall attitude and approach to parenting.'" *In the Interest of Carlita B.*, 185 W.Va. 613, 626, 408 S.E.2d 365, 378 (1991) (quoting *W.Va. Dep't of Human Serv. v. Peggy F.*, 184 W.Va. 60, 64, 399 S.E.2d 460, 464 (1990)). Moreover, we have previously held that "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re B.H.*, 233 W.Va. 57, 754 S.E.2d 743 (2014). Based on petitioner's failure to demonstrate that she was likely to comply with an improvement period, we find that she is entitled to no relief in this regard.

Moreover, we find no error in the circuit court's decision to terminate petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. According to West Virginia Code § 49-4-604(c)(1), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent or parents have habitually abused or are addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person or persons have not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning[.]

As mentioned above, two separate child abuse and neglect proceedings were initiated against petitioner due to her substance abuse. Despite receiving services aimed at addressing her substance abuse problem, including the prior completion of a long-term substance abuse treatment program, petitioner ultimately returned to her abusive behavior and tested positive for a myriad of controlled substances the next year, according to the instant petition. While petitioner argues that her parental rights should not have been terminated when she was attempting to correct the conditions of abuse by enrolling herself in a rehabilitation program, we have previously held that "courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened. . . ." *Cecil T.*, 228 W.Va. at 89, 717 S.E.2d at 873, Syl. Pt. 4, in part (quoting Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980)). Moreover,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). In light of petitioner's failure to correct her substance abuse problem despite receiving services to address the same, we find no error in the circuit court's finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse in the near future and further find that termination was necessary for the children's welfare. Accordingly, petitioner is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 15, 2018, order is hereby affirmed.

Affirmed.

4

**ISSUED**:  October 12, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating